IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DUSTIN R. COREY,      )  | |
| Plaintiff,      )  | |
| vs.      )  | Case No. 19-1262-JBM |
| GINA MARTIN, et al.,      )  | |
| Defendants.      )  | |

### MERIT REVIEW ORDER

Plaintiff, a *pro se* prisoner, files an action under 42 U.S.C. § 1983 asserting violations of the Fourth and Fourteenth Amendments related to his December 19, 2018 transfer from the Peoria Adult Transition Center ("PATC") to the Greene County Work Camp ("GCWC"). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

On March 21, 2018, Plaintiff was transferred to PATC under a term of work release where he worked several jobs. On August 5, 2018, Plaintiff sustained a work-related injury and was off of work, receiving workers' compensation benefits. On December 19, 2018, he was summarily transferred from the PATC work release program to GCWC. Plaintiff claims that

this was done without notice or hearing and was contrary to an "implicit promise" that work release would only be revoked if he violated the terms. Plaintiff alleges a Fourth Amendment claim for an unreasonable search and seizure and Fourteenth Amendment due process claim. While Plaintiff also attempts to invoke Fifth Amendment due process this "only comes into play when actions are taken under color of federal, not state, law. There being no allegations implicating federal law, there can be no Fifth Amendment violation." *Salazar v. City of Chicago*, No. 84-10156, 1985 WL 2482, at *4 (N.D. Ill. Sept. 9, 1985); *Narcizo v. Indiana*, No. 1300333, 2013 WL 6036933, at *2 (S.D. Ind. Nov. 14, 2013).

## ANALYSIS

As noted, Plaintiff alleges a violation of his Fourth Amendment protections against an unreasonable search and seizure. However, prisoners' claims as to search and seizure, other than those alleging intrusion into the body, are reviewed under the Eighth rather than the Fourth Amendment. This is so, as convicted prisoners do not have the same privacy expectations as non-convicted persons. *King v. McCarty*, 781 F.3d 889, 900 (7th Cir. 2015). In *King*, the Seventh Circuit found that a prisoner's claim was not to be reviewed under the lower pleading standard of the Fourth Amendment, as this was reserved for individuals who had not been convicted of a crime. It determined that reviewing a prisoner's claim under a Fourth Amendment analysis would, in effect, create an impermissible "Eight-Amendment-light" standard. *Id*. at 901.

As a result, the Court properly reviews Plaintiff's claim under the Eighth Amendment. Here, however, the Court finds that Plaintiff fails to plead a cognizable Eighth Amendment claim. This is so, as Plaintiff fails to establish that he was subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Defendants' alleged conduct is

2

not determined to have violated the Eighth Amendment as it is generally recognized that prisoners do not have a constitutionally protected interest as to the prison where they will be assigned. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). "States may move their charges to any prison in the system. Community correctional centers are low security institutions but still prisons, and inmates have no more claim to be sent there than they have to avoid commitment to maximum-security penitentiaries." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992).

Plaintiff, further, fails to substantiate an Eighth Amendment claim as he does not assert that he suffered a physical injury due to the transfer to GCWC. *See Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997), *as amended* (May 29, 1997) (dismissing claim which "showed neither physical harm nor the kind of extreme and officially sanctioned psychological harm that might support a claim for damages under the Eighth Amendment.")

Plaintiff also asserts a claim under the Due Process Clause of the Fourteenth Amendment. In order to state a claim for a violation of procedural due process, a plaintiff must first identify the deprivation of a constitutionally recognized liberty or property interest. *Domka v. Portage County*, 523 F.3d 776, 779–80 (7th Cir. 2008). As noted, prisoners do not have a liberty interest in their placement and a transfer will not implicate a liberty interest unless it causes plaintiff to be subjected to "atypical and significant hardship" not incidental to ordinary prison life. *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The fact that Plaintiff was on work release does not change this analysis as prisoners on work release have no greater demand to due process than do those serving full custodial sentences. *See Domka,* 523 F.3d at 781.

Here, Plaintiff fails to plead any particular atypical conditions at GCWC alleging, generally, that he has experienced a "loss of personal liberty " and placement under "harsh

3

elements of prison conditions." Plaintiff, however, is a prisoner and lawfully subjected to loss of personal liberty. While Plaintiff makes a conclusory allegation of harsh prison conditions, he does not plead any particulars or establish that these conditions are atypical as compared to everyday prison life. While Plaintiff wishes to be restored to the more unfettered freedoms attendant to work release, he does not have a constitutional right to them.

Plaintiff also asserts a Fourteenth Amendment claim of "state created danger." While this is not a particularly cognizable claim, Plaintiff raises it in relation to his loss of liberty, previously discussed, and his loss of property. Plaintiff pleads that he lost his personal property when summarily transferred from PATC, attempting to assert it under the Fourteenth Amendment. *See Davis v. Biller*, 41 Fed.Appx. 84, 8485 (7th Cir 2002) . "Prisoner's allegation, that Illinois prison guards disposed of his personal property, did not state constitutional claim, since prisoner had adequate state post-deprivation remedy, i.e., a tort suit in Illinois Court of Claims." *See also*, *Wynn v. Southward*, 251 F.3d 588, 592-93 (7th Cir. 2001.) This claim, too, is denied. Plaintiff's recourse is to pursue any action related to personal property in the Illinois Court of Claims.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Complaint is DISMISSED for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile as Plaintiff cannot assert a colorable 8 1983 claim under the facts alleged. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed.

R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

<table>
<tr><td>_11/6/2019_<br>ENTERED</td><td>_s/Joe Billy McDade_<br>JOE BILLY McDADE<br>UNITED STATES DISTRICT JUDGE</td></tr>
</table>